# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

MONICA ACERRA, individually and on
behalf of all others similarly situated,

          Plaintiff,                  **Case No. 4:20-cv-186-RH-MJF**

v.

TRULIEVE CANNABIS CORP., KIM
RIVERS, and MOHAN SRINIVASAN,

          Defendants.

_____

DAVID MCNEAR, individually and on be-
half of all others similarly situated,

          Plaintiff,                  **Case No. 4:20-cv-187-RH-MJF**

v.

TRULIEVE CANNABIS CORP., KIM
RIVERS, and MOHAN SRINIVASAN,

          Defendants.

---

## CONSENTED MOTION TO AMEND THE INITIAL SCHEDULING ORDER TO CONFORM TO THE PRIVATE SECURITIES LITIGATION REFORM ACT AND INCORPORATED MEMORANDUM OF LAW

---

Defendants Trulieve Cannabis Corp., Kim Rivers, and Mohan Srinivasan, file

this consented motion under Federal Rule of Civil Procedure 16, Federal Rule of

Civil Procedure 26, the Private Securities Litigation Reform Act ("Reform Act"),

1

and N.D. Fla. Loc. R. 6.1 for entry of a scheduling order conforming to the Reform Act and state as follows:

1.  On December 30, 2019, David McNear filed a putative class action on behalf of himself and others similarly situated against Defendants in the Eastern District of New York, Case No. 1:19-cv-07289 ("McNear EDNY Action").

2.  On February 12, 2020, Monica Acerra filed a substantively similar class action on behalf of herself and others similarly situated against Defendants in the Eastern District of New York, Case No. 1:20-cv-00775 ("Acerra EDNY Action").

3.  On March 20, 2020, the Eastern District of New York consolidated the two actions "for all purposes included, but not limited to, discovery, pretrial proceedings, and trial proceedings pursuant to Fed. R. Civ. P. 42(a)." *See* Order Consolidating Related Cases, Appointing Lead Plaintiff, and Approving Lead Plaintiff's Selection of Counsel, ¶ 1 [ECF No. 8]. That court also appointed William Kurek, John Colomara, David McNear, and Monica Acerra as Lead Plaintiffs and The Rosen Law Firm P.A. as Lead Counsel. *Id.*, ¶¶ 7, 8.

4.  On April 13, 2020, Defendants filed in the Eastern District of New York an unopposed Motion to Transfer Venue to the Northern District of Florida.

5.  On April 14, 2020, the Eastern District of New York separately transferred the Acerra EDNY Action and McNear EDNY Action to this Court. *See* Order Granting Defendants' Unopposed Motion to Transfer [ECF Nos. 9, 10]. The Acerra matter

was designated Case No. 4:20-cv-186 and assigned to Judge Hinkle. The McNear

matter was designated Case No. 4:20-cv-187 and assigned to Judge Winsor.

6.   On April 14, 2020, in the McNear matter, Judge Winsor issued a docket

entry order that admissions are due by April 28, 2020.

7.   On April 15, 2020, in the Acerra matter, Judge Hinkle entered an Initial

Scheduling Order [ECF No. 11].

8.   On April 17, 2020, the McNear matter was reassigned to Judge Hinkle,

and the two cases we consolidated for all purposes by order dated April 20, 2020

[ECF No. 12].

9.   Defendants file this Consented Motion to set deadlines in accordance with

the Reform Act's requirements follows:

    a.   A Consolidated Class Action Complaint shall be filed no later than sixty

       (60) days after the date of entry of the order on this Motion.

    b.   Defendants shall answer, move, or otherwise respond to the Consoli-

       dated Class Action Complaint no later than sixty (60) days after said

       complaint is filed.

    c.   Responses to any motion to dismiss shall be filed no later than forty-

       five (45) days after the motion is filed, and reply briefs shall be filed no

       later than thirty (30) days thereafter.

3

d. All deadlines, discovery, the filing of any motion for class certification (per N.D. Fla. Loc. R. 23.1), and all other proceedings shall be stayed pending further order of this Court.

The more particular grounds in support of this Consented Motion are set forth in the following Memorandum of Law.

## MEMORANDUM OF LAW

### THIS COURT SHOULD ISSUE THE JOINTLY PROPOSED SCHEDULING ORDER THAT CONFORMS TO THE REFORM ACT'S AUTOMATIC STAY OF DISCOVERY AND OTHER PROCEEDINGS

**A.    The Reform Act's Automatic Stay of "Discovery and other Proceedings"**

The Reform Act automatically stays "discovery and other proceedings" until this Court decides Defendants' forthcoming motion to dismiss:

> In any private action arising under this chapter, *all discovery and other proceedings shall be stayed* during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

42 U.S.C. § 78-u-4(b)(3)(B).

The United States District Court for the Middle District of Florida has ruled it appropriate "to postpone the case management conference, which, in effect, stays discovery, because Defendants have represented that they intend to file a motion to dismiss after the case management conference deadline, [] but prior to the deadline to respond to the Complaint." *Albers v. Commonwealth Capital Corp.*, 2016 WL

4

9526453 (M.D. Fla. 2016). And courts around the country have embraced the majority position that "discovery and other proceedings shall be stayed," 42 U.S.C. § 78-u-4(b)(3)(B), if the Defendants—like those here—have indicated that they intend to file a motion to dismiss.[1]

## B.    Good Cause Exists to Amend the Initial Scheduling Order

Under Federal Rule of Civil Procedure 16(b)(1-2), "unless the judge finds *good cause* for delay, the judge must issue [a scheduling order] within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." The requirements of Federal Rule of Civil Procedure 26, including the requirements of a discovery conference and initial disclosures, may also be modified by court order. Fed. R. Civ. P. 26(a,c,f). The requirements of the corresponding Local Rules may also be altered by court order.

"A schedule may be modified only for good cause and with the judge's consent." *Square Ring, Inc. v. Troyanovsky*, 2018 WL 4381288, at *3 (N.D. Fla. 2018).

---

[1] *See also e.g.*, *Morgensen v. Body Central Corp.*, 2014 WL 12621615, at *2 (M.D. Fla. 2014) (The "basic premise" behind the Reform Act's discovery stay is that "plaintiffs must state a legally sufficient claim for relief using information available to them by means other than discovery"); *In re Spectrum Brands, Inc.*, 2007 WL 1483633, at *5 (N.D. Ga. 2007) ("Discovery in securities fraud cases is, except in rare circumstances, permitted only *after* plaintiffs have met the pleading standards of the statute.") (emphasis in original); *In re Carnegie International Corporation Sec. Litig.*, 107 F. Supp. 2d 676, 683 (D. Md. 2000) ("The intent of the [Reform Act] is served by a stay of discovery until the defendants have the opportunity to test the sufficiency of the complaint under the orderly procedures provided by the rules and court orders.").

Parties seeking to establish good cause must show they were diligent in attempting to meet the schedule. *Id.* at *4. Parties seeking to establish good cause must show they were diligent in attempting to meet the schedule. *Square Ring, Inc. v. Troyanovsky*, 2018 WL 4381288, at *4 (N.D. Fla. 2018).

Lead Plaintiffs have indicated that they intend to file a consolidated amended complaint, as is typically done in private securities class actions. Defendants intend to file a motion to dismiss, as is also typically done in private securities class actions. Rule 16's requirement of "good cause" here is satisfied where the Reform Act provides "all discovery and other proceedings shall be stayed" until Defendants' forthcoming motion to dismiss is resolved. Defendants acted with alacrity—they have moved for this Court to refrain from issuing a Scheduling Order and for entry of the Jointly Proposed Order within a week of the Eastern District of New York's transfer to this Court.[2]

The jointly proposed schedule—which provides adequate time for Lead Plain-

---

[2] In *Debose v. Ellucian Company*, L.P., 2019 WL 7288758, at *5 (11th Cir. 2019), the Eleventh Circuit affirmed a district court's case management of a wrongful termination lawsuit when it refused to issue a case management and scheduling order before mediation had been attempted or a motion to dismiss had been decided. Debose applies with far greater force here, where the Reform Act automatically stays "all discovery and other proceedings" until a complaint has survived a motion to dismiss.

tiffs to conclude their investigation, draft, and file their consolidated amended complaint and Defendants with equal time to prepare and file a motion to dismiss—is consistent with orders entered in other Reform Act cases, and will aid the efficient adjudication of this matter.

## CONCLUSION

This Court should grant the Consented Motion and adopt the jointly proposed schedule to conform to the Reform Act.

## N.D. FLA. LOC. R. 7.1(B) CERTIFICATION OF GOOD FATH CONFERENCE

Undersigned counsel certifies that they conferred with counsel for the Plaintiffs in conformance with N.D. Fla. Loc. R. 7.1(B) and is authorized to represent that Plaintiffs consent to the relief sought.

## N.D. FLA. LOC. R. 7.1(F) CERTIFICATION OF WORD LIMIT

Undersigned counsel certifies that this motion and accompanying memorandum of law has 1180 words, exclusive of the case style, signature block, and certifications of service, good faith conference, and word limit.

Respectfully submitted,

s/ Glenn Burhans, Jr.
**GLENN BURHANS, JR.**
FLORIDA BAR NO. 605867
**STEARNS WEAVER MILLER WEISSLER**
  **ALHADEFF & SITTERSON, P.A.**
HIGHPOINT CENTER
106 EAST COLLEGE AVENUE
SUITE 700
TALLAHASSEE, FL 32301

**PAUL R. BESSETTE**
TEXAS BAR NO. 02263050
*Admitted Pro Hac Vice*
**MICHAEL BILES**
TEXAS BAR NO. 24008578
*Admitted Pro Hac Vice*
**JESSICA ENGLAND**
TEXAS BAR NO. 24105841
*Admitted Pro Hac Vice*

TELEPHONE: (850) 329-4850
GBURHANS@STEARNSWEAVER.COM

**GRACE L. MEAD**
FLORIDA BAR No. 49896
**STEARNS WEAVER MILLER WEISSLER**
  **ALHADEFF & SITTERSON, P.A.**
MUSEUM TOWER
150 WEST FLAGLER STREET
SUITE 2200
MIAMI, FLORIDA 33130
TELEPHONE: (305) 789-3200
GMEAD@STEARNSWEAVER.COM

**SRIMATH SALIYA SUBASINGHE**
TEXAS BAR No. 24093226
*Admitted Pro Hac Vice*
**TYLER WAYNE HIGHFUL**
TEXAS BAR No. 24083176
*Admission Pro Hac Vice Pending*

**KING & SPALDING LLP**
500 W. 2ND STREET, SUITE 1800
AUSTIN, TX 78701
PBESSETTE@KSLAW.COM
MBILES@KSLAW.COM
JENGLAND@KSLAW.COM
SSUBASINGHE@KSLAW.COM
THIGHFUL@KSLAW.COM

*Counsel for Defendants Trulieve Cannabis Corp.,*
*Kim Rivers and Mohan Srinivasan*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been filed via CM/ECF this 24th day of April, 2020, which will serve all counsel of record, or by e-mail to:

Phillip Kim
Laurence M Rosen
The Rosen Law Firm, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016
pkim@rosenlegal.com
lrosen@rosenlegal.com

Patrick V. Dahlstrom
Pomerantz LLP
10 South La Salle Street, Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

J. Alexander Hood II
Jeremy A. Liebermaan
Pomerantz LLP
600 Third Avenue, Floor 20
New York, NY 10016
ahood@pomlaw.com
jalieberman@pomlaw.com

Peretz Bronstein
Bronstein, Gewirtz & Grossman, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
peretz@bgandg.com

*s/ Glenn Burhans, Jr.*

9